UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>PAUL U. PAWLIK, et al.,<br><br>Defendants | Case No.: 2:17-cv-00882-APG-NJK<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 30] |

Plaintiffs Ditech Financial LLC and Federal National Mortgage Association (Fannie Mae) sue to determine whether a non-judicial foreclosure sale conducted by a homeowners association (HOA) extinguished a deed of trust encumbering property located at 4857 Fiesta Lakes Street in Las Vegas. Defendant Paul Pawlik is the current owner of the property, having acquired it by quitclaim deed from the person who purchased it at the HOA foreclosure sale.

The plaintiffs move for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preserved Fannie Mae's property interest as a matter of law. Pawlik responds that Fannie Mae has not shown it owned the note and deed of trust at the time of the sale. The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant Fannie Mae's motion because the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The plaintiffs argue that under the federal foreclosure bar, the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned the note and deed of trust. Pawlik concedes that if Fannie Mae owned the note and deed of trust at the time of the sale, the federal foreclosure bar applies. However, he contends that Fannie Mae has not provided evidence to show its property interest because Fannie Mae is not listed in the chain of assignments of the deed of trust and because Fannie Mae's own printouts reference loan numbers that do not correspond to the loan number on the deed of trust or the note. The

plaintiffs reply that the law is settled that Fannie Mae need not appear in the chain of assignments so long as its servicer is the beneficiary under the deed of trust. They also contend that the loan numbers on which Pawlik relies were for different entities who may assign different loan numbers for their own internal tracking purposes.

The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33. Consequently, the plaintiffs have met their initial burden of showing Fannie Mae owned an interest in the property at the time of the sale.

The burden thus shifts to Pawlik to present evidence raising a genuine dispute about Fannie Mae's interest. He has not done so. The fact that Fannie Mae's name does not appear as the deed of trust beneficiary does not raise a genuine dispute that it does not own the note and deed and trust. *See id.* at 932 (stating that Freddie Mac's interest in the property was "valid and enforceable under Nevada law" even though "the recorded deed of trust names only the owner's agent"); *Ditech Fin. LLC v. Saticoy Bay LLC Series 8829 Cornwall Glen*, 794 F. App'x 667, 668 (9th Cir. 2020) (rejecting purchaser's argument that because "Fannie Mae did not appear as the deed of trust's record beneficiary" it did not have a valid property interest); *JPMorgan Chase Bank, N.A. v. 7290 Sheared Cliff Lane Un 102 Tr.*, No. 18-16190, 2020 WL 827295, at *2 (9th Cir. Feb. 19, 2020) (stating that Fannie Mae's business records and declaration of its employee were "sufficient evidence of Fannie Mae's ownership of the loan even if the recorded deed of trust names only . . . Fannie Mae's loan servicer" (quotation omitted)).

As for his argument about different loan numbers, Pawlik apparently did not explore in discovery what those numbers signify. Instead, he speculates they could be referring to a different loan. But Fannie Mae's records show that it and its servicer assigned different loan numbers to this loan. ECF No. 30-4 at 6. And Fannie Mae's records correspond with the deed of trust in details like the property's address, the maturity date, and the loan balance. *See* ECF Nos. 30-3; 30-4 at 5. Pawlik "must do more than show there is some metaphysical doubt as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (quotation omitted). Because he has not presented any evidence raising a genuine dispute that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale, I grant Fannie Mae's motion.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiffs Ditech Financial LLC and Federal National Mortgage Association's motion for summary judgment **(ECF No. 30) is GRANTED**. The clerk of court is instructed to enter judgment in favor of the plaintiffs and against the defendants as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Los Prados Community Association on March 28, 2014 did not extinguish the deed of trust and the property located at 4857 Fiesta Lakes Street in Las Vegas, Nevada remains subject to the deed of trust.

DATED this 8th day of June, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE